Patrick J. Murphy, WSB # 5-1779
David E. Shields, WSB # 7-4718
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Ste. 400
P.O. Box 10700
Casper, WY 82602
Tel: 307.265.0700
Fax: 307.266.2306
Email:   pmurphy@wpdn.net
         dshields@wpdn.net

Attorneys for Encana Oil & Gas (USA), Inc.

Lance E. Shurtleff, WSB # 6-3794
Christine Stickley, WSB # 6-3533
Hall & Evans, LLC
Suite 300
1001 17th Street
Denver, Colorado 80202

Attorneys for Tulsa Inspection Resources, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BRANDON L. CHADWICK | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 16-CV-318-S |
| | ) | |
| v. | ) | |
| | ) | |
| ENCANA OIL & GAS (USA) INC., a Delaware | ) | |
| Corporation, and TULSA INSPECTION | ) | |
| RESOURCES, Inc., an Oklahoma Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO STRIKE INADMISSIBLE SUMMARY JUDGMENT EVIDENCE REGARDING THE EXPERT REPORTS ATTACHED TO PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

COME NOW Defendants Encana Oil & Gas (USA) Inc. (hereinafter "Encana") and

Tulsa Inspection Resources, Inc. (collectively referred to as "Defendants"), by and through

their attorneys, and hereby move the Court for its order striking certain materials from its consideration in the pending motions for summary judgment. The materials are not admissible, irrelevant, and the Court should not consider them when it rules on the pending motions for summary judgment.

## I.   INTRODUCTION

In his *Combined Response*, Plaintiff takes a scorched earth approach to opposing Defendants' summary judgment motions that does little, if anything, to rebut the actual issues presented. Plaintiff does not want to talk about the lack of control exercised by Encana at Antelope 91-29H and how it impacts the direct and vicarious liability exceptions to the General Rule set forth in Restatement (Second) Torts § 409. Plaintiff equally does not want to talk about how Tulsa's Ryan Bateman was never aware, or even told by ASAP employees of their decision to move hot work operations from the sales line to load line. Instead, Plaintiff wants to rely on the theme that "one cannot bring bombs to a production facility and then point fingers when the bomb explodes."

Sticking to this moral culpability theme, Plaintiff goes to great lengths to create a story designed more to inflame the Court and play on its passions than actually address the dispositive facts he cannot overcome. In support of this sensationalized narrative, Plaintiff offers the unattested opinions of expert witnesses hired to opine on both liability and damages as evidence; all of which were attached to his *Combined Response* as set forth in their reports. These reports are not admissible as they constitute hearsay for which there is no applicable exception under the Federal Rules of Evidence. For the reasons explained below, this Court should strike and not consider these expert reports.

## II.     LEGAL STANDARD

At the summary judgment stage, evidence need not be submitted "in a form that would be admissible at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Parties may, for example, submit affidavits in support of summary judgment, despite the fact that affidavits are often inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form. *Bryant v. Farmers Ins. Exch.,* 432 F.3d 1114, 1122 (10th Cir. 2005). Nonetheless, "the content or substance of the evidence must be admissible." *Thomas v. Int'l Bus. Machs.* 48 F.3d 478, 485 (10th Cir. 1995). Thus, for example, at summary judgment stage, courts should disregard inadmissible hearsay statements *contained* in affidavits, as those statements could not be presented at trial in any form. *See Hardy v. S.F. Phosphates Ltd. Co.,* 185 F.3d 1076, 1082 n. 5 (10th Cir. 1999). The requirement that the substance of the evidence must be admissible is not only explicit in Rule 56 . . . but also implicit in the court's role at the summary judgment stage.  To determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury. *See Truck Ins. Exch. v. MagneTek, Inc.,* 360 F.3d 1206, 1216 (10th Cir. 2004) (affirming summary judgment, in light of the available evidence, because "[j]ury verdicts may not be based on speculation or inadmissible evidence or be contrary to uncontested admissible evidence").

Evidentiary rulings at the summary judgment stage are vested in the sound discretion of the district court and only reviewed for abuse of discretion. *Roe ex rel. Roe v. Keady*, 329 F.3d 1188, 1194 (10th Cir. 2003); *Jones v. Barnhart,* 349 F.3d 1260, 1270 (10th Cir. 2003).

### III.     LEGAL ARGUMENT

As explained above, Plaintiff attached five expert reports to his *Combined Response* in support of his opposition to Defendants' motions summary for summary judgment. More specifically, Plaintiff has attached the reports of medical experts: Larry Jones, M.D. [CM/ECF Doc. No. 64-7], Travis Snyder, D.O [CM/ECF Doc. No. 64-8], and C. Thomas Gualtieri, M.D. [CM/ECF Doc. No. 64-9]. Each of these reports provide opinions as to Plaintiff's alleged damages, which are in no way relevant to the issues presented in Defendants' dispositive motions. In addition, Plaintiff has also attached two separate reports from his standard of care expert, Edward Ziegler [CM/ECF Doc. Nos. 64-13 and 64-14].[1] These expert reports are not only irrelevant to the issues presented in Defendants' *Motions*, but also inadmissible hearsay that should not be considered at the summary judgment stage.

"It is well settled in this circuit that [a court] can consider only admissible evidence in reviewing an order granting summary judgment. While the party opposing summary judgment need not produce evidence in a form that would be admissible at trial, the content or substance of the evidence must be admissible." *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009) (quoting *Wright-Simmons v. City of Okla. City*, 155 F.3d 1264, 1268 (10th Cir. 1998)); *Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1203 n.1 (10th Cir. 2000).

A written report, prepared previously by an expert witness, is quintessentially "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c); *see also TK-7*

---

[1] Regarding the submission of these expert opinions, Plaintiff has also submitted an Affidavit from Mr. Ziegler. *See Affidavit of Edward Ziegler* [CM/ECF Doc. No. 64-17]. In his two page Affidavit, Mr. Ziegler does not incorporate either of his expert reports. *Id.* Instead, the two page affidavit is solely dedicated to addressing the size of the tanks. *See id.*

*Corp. v. Estate of Barbouti*, 993 F.2d 722, 731 (10th Cir. 1993).  It is not exempted from this definition as a prior consistent statement by the witness because it is not generally "offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." FED. R. EVID. 801(d)(l); *see also Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459 (D. Colo. 1997).  Thus, such reports generally are barred as inadmissible hearsay.  *See* Fed. R. Evid. 802; *see e.g.*, *Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1463 (D. Colo. 1997) ("Other courts have followed [*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)] and declined to consider unsworn expert reports and other statements submitted in the summary judgment context."); *David Otero v. Nat'l Distrib. Co., Inc.*, 627 F. Supp. 2d 1232, 1239 (D.N.M. 2009) ("The hearsay rule applies to unsworn opinions by expert witnesses or treating physicians. Such unsworn opinions do[ ] not meet the requirements of Fed. Rule Civ. Proc. 56(e) and cannot be considered by a district court in ruling on a summary judgment motion").

The evidentiary standard at the summary judgement phase, as established by Federal Rules of Civil Procedure 56(c) and (e), require that material supporting summary judgment be authenticated and constitute evidence that would be admissible at trial.  Those rules provide as follows:

> (c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as matter of law.
>
> (e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or

> certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

*Id.*

Here, the reports submitted damage experts Drs. Jones, Snyder, Gualtieri, as well as the two reports from Mr. Ziegler, are all unsworn statements that constitute hearsay under the Federal Rules of Evidence for which none exceptions apply. As such, these expert reports are not competent evidence for the Court's consideration at the summary judgment stage. *Sofford*, 964 F. Supp. at 1462; *also see Wittmer v. Peters*, 87 F.3d 916, 917 (7th Cir. 1996)(noting that unsworn expert reports were "not, strictly speaking, admissible to support or oppose summary judgment"). As the *Ogborn v. United Food and Commercial Workers, Local No. 881*, 2000 WL 1409855 *6 (N.D. 2000)(proponents must provide expert's live testimony, affidavit or an affidavit confirming that expert's testimony would be consistent with the report).

Excluding hearsay reports, as with the exclusion of any hearsay evidence, serves the crucial purpose of protecting the opposing party's fundament right to cross-examine the witness to prove the witness' bias, credibility, or the soundness of the basis for his or her opinion. As the Fifth Circuit has noted:

> . . . to admit the hearsay opinion of an expert not subject to cross-examination goes against the natural reticence of courts to permit an opinion unless the expert has been qualified before the jury to render an opinion.

*Bryan v. John Bean Div. of FMC Corp.*, 566 F.2d 541, 546 (5th Cir. 1978). None of the hearsay exceptions generally apply in such cases, even where the declarant is not only available, but plan to testify. Courts have also rejected the admission of a testifying expert's report under the business record, public record, prior consistent statement, and admission of party opponent

exceptions as a basis for the opinion under Rule 703. *See Ake v. General Motors Corp.*, 942 F. Supp. 869, 877-78 (W.D.N.Y. 1996). Moreover, the residual exception set forth in FED.R.EVID. 702 does not apply unless the declarant and the report are so unimpeachably credible that the report has an independent guarantee of trustworthiness that would justify dispensing with cross-examination." *Bryan*, 566 F.2d at 546. There is no credible argument that the opinions of paid expert contained in a report are cloaked with that type trustworthiness.

In light of the evidentiary standard established by FEDERAL RULES OF CIVIL PROCEDURE 56(c) and (e), and the strong precedent in the Tenth Circuit, the expert reports from Drs. Jones, Snyder, Gualtieri, and those from Mr. Ziegler should not be considered by this Court at the summary judgment phase as they are inadmissible hearsay. None of these reports are inherently trustworthy, nor do they constitute a sworn statement, affidavit, or other evidence required by Rule 56.

## IV.    CONCLUSION

For the reasons set forth above, Defendants Encana Oil & Gas (USA) Inc. and Tulsa Inspection Resources, Inc. respectfully request that this Court enter an order striking the unsworn and unattested expert reports from Larry Jones, M.D. [CM/ECF Doc. No. 64-7], Travis Snyder, D.O [CM/ECF Doc. No. 64-8], C. Thomas Gualtieri, M.D. [CM/ECF Doc. No. 64-9], and Edward Ziegler [CM/ECF Doc. Nos. 64-13 and 64-14] and decline to consider the same. Only Mr. Ziegler has submitted an Affidavit in this, but declined to incorporate the opinions contained in either of his reports. Each of these expert reports constitutes inadmissible hearsay evidence under the FEDERAL RULES OF EVIDENCE and the Court should not consider them at the summary judgment phase.

DATED this 27th day of February, 2018.

        ENCANA OIL & GAS (USA) INC.

        Defendant

          /s/ David E. Shields
        Patrick J. Murphy, W.S.B. #5-1779
        David E. Shields, W.S.B. #7-4718
        WILLIAMS, PORTER, DAY & NEVILLE, P.C.
        P.O. Box 10700
        159 No. Wolcott, Suite 400
        Casper, Wyoming 82602
        (307) 265-0700  Telephone
        (307) 266-2306  Telefax

        TULSA INSPECTION RESOURCES, INC.

        Defendant

          /s/ Christine Stickley
        Lance E. Shurtleff, WSB # 6-3794
        Christine Stickley, WSB # 6-3533
        Hall & Evans, LLC
        Suite 300
        1001 17th Street
        Denver, Colorado 80202

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 27th day of February, 2018.

| | | |
|---|---|---|
| Robert P. Schuster | [ ] | U. S. Mail (prepaid) |
| Bradley L. Booke | [ x ] | CM/ECF Electronic Transmission |
| ROBERT P. SCHUSTER, PC | [ ] | Overnight Delivery |
| PO Box 13160 | [ ] | Hand Delivery |
| Jackson, WY 83002 | [ ] | Electronic Mail |

| | | |
|---|---|---|
| Marilyn R. Filkins | [ ] | U. S. Mail (prepaid) |
| P.O. Box 688 | [ x ] | CM/ECF Electronic Transmission |
| 303 West Pine Street | [ ] | Overnight Delivery |
| Pinedale, Wyoming 82941 | [ ] | Hand Delivery |
| | [ ] | Electronic Mail |

*Attorneys for Brandon Chandwick*

    /s/ David E. Shields
    David E. Shields